IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. HOUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-276-JPG |
| | ) |
| DONALD HULICK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner, a person confined at the Menard Correctional Center, filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also before the Court are Petitioner's motions to proceed *in forma pauperis* (Doc. 2); for *de novo* review (Doc. 4); to appoint counsel (Doc. 5); and in opposition to any motion by Respondent for deadline extension (Doc. 6).

Petitioner was convicted of aggravated criminal sexual assault in 1989, in the Fourth Judicial Circuit Court, Marion County, Illinois. The Appellate Court of the Fifth Judicial District affirmed his conviction and sentence. *People v. Hough*, 582 N.W.2d 259 (Ill. App. Ct. 1991). The Illinois Supreme Court denied his petiton for leave to appeal. *People v. Hough*, 587 N.E.2d 1020 (Ill. 1992). Petitioner subsequently sought, but was denied, a post-conviction motion in the Fourth Judicial Circuit Court, Marion County, Illinois. After the Appellate Court affirmed that denial, *People v. Hough*, 685 N.E.2d 35 (Ill. App. Ct. 1995), the Illinois Supreme Court denied his petition for leave to appeal from that decision. *People v. Hough*, 675 N.E.2d

636 (Ill. 1996).

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district. *Hough v. Page*, No. 98-cv-192-PER (S.D. Ill.). This § 2254 petition was dismissed because the petition was time barred. *Id*. Petitioner appealed this decision to the Seventh Circuit Court of Appeals. The appeal, however, was dismissed pursuant to Circuit Rule 3(c). *Hough v. Page*, No. 98-4202 (7th Cir. Jan. 27, 1999).

The dismissal of Petitioner's prior § 2254 petition as untimely counts as prior habeas action for purposes of the limitations on second or successive petitions. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication that Petitioner has obtained permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 petition. Because it appears that Petitioner did not first obtain permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 action in this Court, the Court lacks authority to grant petitioner the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for *de novo* review (Doc. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion in opposition to any motion by Respondent for deadline extension (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice, for lack of jurisdiction. The Clerk is **DIRECTED** to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**Dated: September17, 2008.**

                                      **s/ J. Phil Gilbert**
                                      **U. S. District Judge**